UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREGORY JOINER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-926-DJS |
| ) | |
| GENE STUBBLEFIELD, LENARD ) | |
| EDWARDS, AMY BURKY and ) | |
| REGINALD MOORE, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Gregory Joiner (registration no. OR74246) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $41.67 and an average monthly account balance of $48.04. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $9.62, which is 20 percent of applicant's average monthly balance.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, a detainee at the St. Louis City Justice Center, seeks monetary, declaratory and injunctive relief in this 42 U.S.C. § 1983 action against defendants Gene Stubblefield (superintendent), Lenard Edwards (chief of security), Amy Burky (caseworker) and Reginald Moore (unit manager). Plaintiff states that several inmates were involved in a "huge fight." He was not involved in the fight, but he and other inmates were locked down for seven-and-one-half days, without access to, *inter alia*, showers, writing materials, telephone calls and exercise. Plaintiff alleges that these actions were violative of his rights under the First, Eighth and Fourteenth Amendments. Plaintiff states that he went on a five-day hunger strike and became ill, but defendants refused to give him medical attention and refused to allow him to contact his loved ones to inform them that he was on the verge of starvation. Lastly, plaintiff alleges that defendants Burky and Moore refused to give him Informal Resolution Requests (IRR's), and defendant Moore refused to allow him to file a grievance after IRR's failed to resolve his complaint.

**Discussion**

**A.   Lockdown**

Granting plaintiff's complaint a liberal construction, it appears that he contends that the lockdown and the attendant conditions of confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. However, prison security measures undertaken to control a disturbance ". . . that indisputably poses significant risks to the safety of inmates and prison staff . . ." do not rise to the level of an Eighth Amendment violation. *See Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078 (1986); *see also Rust v. Grammer*, 858 F.2d 411, 413 (8th Cir. 1988)

(lockdown imposed to regain control of disruptive situation that was threatening prison security and the well-being of the inmates not a punitive measure directed at particular inmates).

Plaintiff's claims that defendants violated his rights to due process under the Fourteenth Amendment are legally frivolous. For the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293 (1995). The deprivations alleged by plaintiff do not rise to the level of atypical and significant hardship, nor do they indicate that he has suffered the type of hardship in which the state might conceivably create a liberty interest. *Cf. id.* at 485-86, 115 S.Ct. 2293 (no atypical and significant hardship where inmate spent 30 days in solitary confinement); *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (same; 4 days locked in housing unit, 30 days in disciplinary segregation, and approximately 290 days in administrative segregation); *Freitas v. Ault*, 109 F.3d 1335, 1337-38 (8th Cir. 1997) (same; 10 days administrative segregation and 30 days on "on-call" status, as well as loss of higher paying job and numerous privileges); *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996) (same; 10 days disciplinary detention and 100 days in maximum-security cell); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996) (same; 15 days of highest-level disciplinary detention and 107 days of less-restrictive disciplinary detention).

It is unclear in what manner plaintiff believes his rights under the First Amendment were violated. Nevertheless, because the lockdown was reasonably related to a legitimate penological objective, namely, prison security, and the duration of the lockdown was brief, his claim under the First Amendment must also fail.

B. **Hunger strike**[1]

Plaintiff alleges that he was given no medical attention during his five-day hunger strike. He states that he suffered from hunger, spot blackouts, weakness, extreme loss of weight and dizziness. He states that he continues to suffer from dizziness and some blackouts as a result of his hunger strike.

First, the Court notes that plaintiff chose to go on a hunger strike. The symptoms of which plaintiff complains are to be expected by someone who does not eat for five days. Second, a claim of deliberate indifference to serious medical needs has both objective and subjective components. A plaintiff must plead facts sufficient to show that the alleged deprivation was, in objective terms, "sufficiently serious." The symptoms alleged by plaintiff do not rise to the level of a "sufficiently serious" condition, *i.e.*, "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Hathaway v. Coughlin,* 37 F.2d 62, 66 (2d Cir. 1994). As to the subjective component, "'[d]eliberate indifference' entails a level of culpability equal to the criminal law definition of recklessness, that is, a prison official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004) (quoting *Farmer v. Brennan,* 511 U.S. 825, 835-36, 114 S.Ct. 1970 (1994). Plaintiff does not plead facts sufficient to show that any named defendant subjectively believed there was a substantial risk of harm to plaintiff or had a

---

[1] Detainees are protected against failure to provide care for medical needs under the Due Process Clause of the Fifth and Fourteenth Amendments, rather than under the Eighth Amendment, which is applied to convicted prisoners. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979). However, the Eighth Circuit has consistently applied to detainees the same "deliberate indifference to serious medical needs" standard that is applied to convicted prisoners. *Vaughn v. Greene County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006) (citations omitted).

sufficiently culpable state of mind. *See Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) (citing *Farmer,* 511 U.S. at 828, 114 S.Ct. 1970). Plaintiff's allegations do not rise to the level of a constitutional deprivation and are legally insufficient to establish a denial of rights secured under the Constitution or laws of the United States.

### C. Grievance procedure

Plaintiff's claims regarding IRR's and the grievance procedure are legally frivolous. Defendants' alleged failure to give him IRR's and grievance forms or to give him copies of IRR's do not constitute constitutional violations. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (prison officials' failure to process grievances, without more, is not actionable under § 1983; grievance procedure is procedural right only and does not confer substantive right on inmate).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $9.62 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 27th day of July, 2006.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT COURT